**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br>          Plaintiffs/Counter-Defendants, <br><br>     v. <br><br>CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION; and CAPITAL ONE, NATIONAL ASSOCIATION, <br><br>          Defendants/Counter-Plaintiffs, <br><br>     v. <br><br>INTELLECTUAL VENTURES MANAGEMENT, LLC; INVENTION INVESTMENT FUND I, L.P.; INVENTION INVESTMENT FUND II, LLC; INTELLECTUAL VENTURES FUND 83 LLC, and JOHN DOES 1-2000, <br><br>          Additional Counter-Defendants. | Civil Action No. 1:13-CV-00740-AJT-TCB |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE
TO FILE AN EARLY SUMMARY JUDGMENT MOTION ON § 101
AND FOR ADDITIONAL SUMMARY JUDGMENT MOTIONS**

Defendants seek the Court's leave to file (1) an early motion for summary judgment that each claim of the patents-in-suit is invalid as a matter of law under § 101 and (2), given the number of asserted patents and issues, one additional summary judgment motion per patent to be heard on the normal schedule at the January 17, 2014 summary judgment hearing.[1]

## I.  THE COURT SHOULD PERMIT DEFENDANTS TO FILE AN EARLY SUMMARY JUDGMENT MOTION ON § 101

At the outset of this case, Defendants filed a motion to dismiss this action because each claim of the asserted patents claims an abstract idea and is invalid under § 101.  Following briefing and a hearing, the Court observed that "[t]hese patents certainly raise, in the Court's mind, significant issues as to patentability" under § 101.  Hrg. Tr. at 58.  Nevertheless, the Court denied the motion without prejudice because "there may be issues of claim construction that may bear on this, as well as issues pertaining to whether these issues of patentability are 101 issues or relate to other requirements for patentability under other provisions." *Id.* at 59.

Since then, the parties have identified claim terms for construction, proposed constructions for those terms, and have begun the process of briefing those issues to the Court.  With the claim construction issues now crystallized, it is apparent that claim construction does not affect the § 101 invalidity analysis for the patents-in-suit.  None of the parties' constructions of any of the disputed terms, if adopted by the Court, would convert the claimed abstract idea into a patentable application of that idea.[2]  Regardless of how the Court resolves the parties' claim construction disputes, the claims of all of the asserted patents will remain abstract.

---

[1]  Counsel for Defendants sought agreement from counsel for Plaintiffs on the relief requested herein, but at the time of filing did not receive a response to Defendants' proposal.

[2]  For example, Plaintiffs asserted that claim construction was necessary at the motion to dismiss hearing because the Court must construe the term "billing service" before it evaluates the patentability of the '701 patent claims.  Aug. 28 Hrg. Tr. at 37.  Plaintiffs, however, propose that the term "billing service" mean "an electronic system that provides substitute billing data"—a

Section 101 affords the Court and the parties an opportunity to test the viability of Plaintiffs' claims on a purely legal, dispositive issue ripe for disposition by the Court. And with claim construction proceedings under way, there is no procedural or substantive barrier upon which Plaintiffs can credibly rely to forestall judgment on these claims. Nothing will change between now and the end of discovery to impact the Court's decision on these issues. Thus, addressing this issue now, rather than waiting several more months, would likely save the Court and the parties substantial resources by disposing of the patent claims or at least narrowing the scope of the claims.

Therefore, Defendants request that the Court grant leave to file a summary judgment motion under § 101 and that this motion not prejudice their ability to seek summary judgment on other issues on the normal schedule.

## II. THE COURT SHOULD PERMIT DEFENDANTS TO FILE ONE SUMMARY JUDGMENT MOTION PER PATENT ON THE NORMAL SCHEDULE

Given the number of issues raised by Plaintiffs' assertion of five patents in this action,[3] Defendants seek relief from the Court's local rule that each party may file only one summary judgment motion with an opening brief of no more than 30 pages. Here, evidence discovered to

---

construction that does not limit the claims to any specific device. Plaintiffs' proposed claim constructions—which Defendants are willing to adopt for purposes of § 101—actually prove Defendants' point that the claims are not patentable and not directed to a specific machine, but rather generic "electronic systems" and other structures even more vague and generalized than the computer systems that the Supreme Court and Federal Circuit have repeatedly held cannot confer patentability to an abstract idea. *See, e.g.*, *Bilski v. Kappos*, 130 S. Ct. 3218, 3231 (2010); *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, __ F.3d __, 2013 U.S. App. LEXIS 18446 (Fed. Cir. Sept. 5, 2013); *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada*, 687 F.3d 1266, 1272-74 (Fed. Cir. 2012); *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1370-76 (Fed. Cir. 2011).

[3] IV has advised Defendants that it plans to drop its infringement allegations regarding the '894 patent. However, it has thus far refused to covenant not to sue Defendants on the '894 patent in the future and to request dismissal of its claims regarding the '894 patent with prejudice. Consequently, Defendants' presently intend to proceed with their counterclaims, including invalidity, regarding the '894 patent.

date raises substantial questions of invalidity (for example under §§ 102 (anticipation) and 103 (obviousness)) and establishes substantial differences between the accused products and the asserted patents supporting Defendants' non-infringement defenses.  Were the Court to permit Defendants only one motion, Defendants would be severely prejudiced in their ability to adequately present the Court with defenses that it can and should decide as a matter of law.  This would force Defendants to present these defenses, some of which are reserved exclusively for the Court to decide, in the context of a jury trial, thus adding confusion and complication to the already complex task the jury must perform.  Defendants' request would alleviate this inefficiency and potentially narrow the issues for trial, but also maintain the spirit of the usual rule by requiring Defendants to act with restraint when seeking summary judgment.  Given the number of patents-in-suit, this is an unusual case that warrants departure from the usual rule.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant leave for them to 1) file an early motion for summary judgment that each claim of the patents-in-suit is invalid under § 101 without prejudice to seek summary judgment on other issues on the normal schedule, and 2) file one summary judgment motion per patent to be heard during the summary judgment hearing scheduled for January 17, 2014.

Dated: November 8, 2013        **CAPITAL ONE FINANCIAL CORPORATION**
                               **CAPITAL ONE BANK (USA), N.A.**
                               **CAPITAL ONE, N.A.**

                                   /s/ Jonathan D. Link

                               Jonathan D. Link (VSB No. 42951)
                               jonathan.link@lw.com
                               Marguerite M. Sullivan (VSB No. 66000)
                               marguerite.sullivan@lw.com
                               Matthew J. Moore (*pro hac vice*)
                               matthew.moore@lw.com

3

        Abbott B. Lipsky, Jr. (*pro hac vice*)
        tad.lipsky@lw.com
        Peter Schmidt (*pro hac vice*)
        peter.schmidt@lw.com
        Gabrielle Kohlmeier (*pro hac vice*)
        gabrielle.kohlmeier@lw.com
        Anthony J. Zappin (*pro hac vice*)
        anthony.zappin@lw.com
        LATHAM & WATKINS LLP
        555 Eleventh Street, NW, Suite 1000
        Washington, D.C.  20004-1304
        Tel: (202) 637-2200; Fax: (202) 637-2201

        Jeffrey G. Homrig (*pro hac vice*)
        jeff.homrig@lw.com
        Patricia Young (*pro hac vice*)
        patricia.young@lw.com
        Linfong Tzeng (*pro hac vice*)
        linfong.tzeng@lw.com
        Shoney Blake (*pro hac vice*)
        shoney.blake@lw.com
        LATHAM & WATKINS LLP
        140 Scott Drive
        Menlo Park, CA  94025-1008
        Tel: (650) 328-4600; Fax: (650) 463-2600

        Joseph H. Lee (*pro hac vice*)
        joseph.lee@lw.com
        LATHAM & WATKINS LLP
        650 Town Center Drive, 20th Floor
        Costa Mesa, CA  92626-1925
        Tel: (714) 840-1235; Fax: (714) 755-8290

        Neil A. Rubin (*pro hac vice*)
        neil.rubin@lw.com
        LATHAM & WATKINS LLP
        355 South Grand Avenue
        Los Angeles, CA  90071-1560
        Tel: (213) 485-1234; Fax: (213) 891-8763

        Andrew J. Fossom (*pro hac vice*)
        andrew.fossom@lw.com
        LATHAM & WATKINS LLP
        811 Main Street, Suite 3700
        Houston, TX  77002
        Tel: (713) 546-7449; Fax: (713) 546-5401

Alan James Devlin (*pro hac vice*)
alan.devlin@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 395-8294; Fax: (415) 395-5095

Cassius K. Sims (*pro hac vice*)
cassius.sims@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200; Fax: (212) 751-4864

Mary C. Zinsner (VSB No. 31397)
mary.zinsner@troutmansanders.com
S. Mohsin Reza (VSB No. 75347)
mohsin.reza@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, VA 22182
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Dabney J. Carr, IV (VSB No. 28679)
dabney.carr@troutmansanders.com
Nicholas R. Klaiber (VSB No. 80563)
nicholas.klaiber@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1246
Facsimile: (804) 698-5124

*Attorneys for Defendants Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November, 2013, I electronically served the foregoing to Plaintiffs' counsel as indicated:

<div style="columns:2">

Craig Crandall Reilly
Law Office of Craig C. Reilly
111 Oronoco St.
Alexandria, VA 22314
703-549-5353
Fax: 703-549-2604
craig.reilly@ccreillylaw.com

Clayton Thompson
Ian F. Feinberg
M. Elizabeth Day
David Alberti
Marc C. Belloli
Yakov Zolotorev
Lawrence McDonough
Sal Lim
Nickolas Bohl
Peter Mikhail
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
(650) 618-4364 (T)
(650) 618-4368 (F)
cthompson@feinday.com
ifeinberg@feinday.com
eday@feinday.com
dalberti@feinday.com
nbelloli@feinday.com
yzolotorev@feinday.com
lmcdonough@feinday.com
slim@feinday.com
nbohl@feinday.com
pmikhail@feinday.com

</div>

*Counsel for Plaintiffs Intellectual Ventures I LLC
and Intellectual Ventures II LLC*

           /s/ Jonathan D. Link
Jonathan D. Link (VSB No. 42951)
jonathan.link@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
*Counsel for Defendants Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A.*