# EXHIBIT D

| UTILITY PATENT APPLICATION TRANSMITTAL UNDER 37 CFR 1.53(b) | ATTORNEY DOCKET 80967AF-P Customer No. 01333 |
|---|---|
| To: Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, VA. 22313-1450<br><br>A METHOD FOR ORGANIZING DIGITAL IMAGES<br><br><br>First Named Inventor (or Application Identifier):<br><br>Carl A. Testa, et al | Express Mail Label No.<br><br>EV293532092US<br><br>Date: 12·22·03 |

19270 U.S. PTO 10/744537

Enclosed are:

1. [X] Specification
2. [29] Sheet(s) of drawing(s)
3. [ ] Information Disclosure Statement Under 37 CFR 1.97.
4. Combined Declaration for Patent Application and Power of Attorney:
   4a. [ ] New
   4b. [X] Copy from a prior application (37 CFR 1.63(d) (for continuation/divisional with Box 11 completed)
5. [ ] Incorporation by Reference (useable if Box 4b is checked) The entire disclosure of the prior application, from which a copy of the oath or declaration is supplied under Box 4b, is considered as being part of the disclosure of the accompanying application and is hereby incorporated by reference therein.
6. [ ] Assignment of the invention to
7. [ ] Certified copy of a priority
8. [ ] Associate Power of Attorney
9. [ ] Deletion of Inventor(s). Signed statement attached deleting inventor(s) named in the prior application, see 37 CFR 1.63(d)(2) and 1.33(b).

10. [ ] If a 111A application prior to examination of the above-identified application, amend the specification at Page 1, after the title, by inserting the following:
    --CROSS REFERENCE TO RELATED APPLICATION
        Reference is made to and priority claimed from U.S. Provisional Application Serial No. , filed , entitled .

If a CONTINUING APPLICATION, check appropriate box and supply the requisite information:

11. [ ] Continuation [X] Divisional [ ] Continuation-in-part (CIP) of prior application No: 09/640,642.

12. [X] Please address all written communications to Pamela R. Crocker, Patent Legal Staff, Eastman Kodak Company, 343 State Street, Rochester, NY 14650-2201.
    Please Direct all telephone calls to Frank Pincelli at 585-588-2728.

The filing fee has been calculated as shown below:

| FOR: | NO. FILED | NO. EXTRA | RATE | FEE |
|---|---|---|---|---|
| BASIC FEE | | | | $ 770 |
| TOTAL CLAIMS | 16 - 20 = | -4 | x 18 = | $ 0 |
| INDEPENDENT CLAIMS | 2 - 3 = | -1 | x 86 = | $ 0 |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED | | | + 290 | $ 0 |
| | | | TOTAL | $ 770 |

[X] Please charge my Eastman Kodak Company Deposit Account No. **05-0225** in the amount of $ 770
    A duplicate copy of this sheet is enclosed

[X] The Commissioner is hereby authorized to charge any additional filing fees required under 37 CFR 1.16 or credit any overpayment to Eastman Kodak Company Deposit Account No. **05-0225**.
    A duplicate copy of this sheet is enclosed.

Frank Pincelli/phw
Telephone: 585-588-2728
Facsimile: 585-477-4646

Attorney for Applicants
Registration No. 27,370



80967A/TJS
Customer No. 01333

# IN THE UNITED ST
## ATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of:<br>Carl A. Testa, et al<br><br>A METHOD FOR ORGANIZING<br>DIGITAL IMAGES<br><br>Serial No. 10/744,537<br><br>Filed 22 December 2003 | Group Art Unit: 2167<br>Confirmation No. 1635<br>Examiner: Jack M. Choules<br><br>I hereby certify that this correspondence is being deposited today with the United States Postal Service as first class mail in an envelope addressed to Commissioner For Patents, P.O. Box 1450, Alexandria, VA 22313-1450.<br><br>_Paula West_<br>Paula West<br><br>_10-27-05_<br>Date |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA. 22313-1450

Sir:

## Amendment

In response to the Office Action dated July 27, 2005, Applicant respectfully requests reconsideration in view of the following amendments and remarks.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 5 of this paper.

**Amendments to the Claims:**
This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1. (currently amended) A method of organizing a plurality of hard copy prints, each of said hard copy prints having an image thereon, comprising the steps of:

    <u>obtaining hard copy prints from a plurality of different sources;</u>

    placing said hard copy prints into a desired order;

    digitally scanning said hard copy prints in said desired order <u>to produce a plurality of digitized images</u>; and

    <u>grouping said plurality of digital images in an order in which they have been scanned and</u> providing a product or service ~~wherein~~ <u>with respect to</u> said <u>grouping of the</u> plurality of digitized images ~~are grouped in the order in which they have been scanned~~.

2. (original) A method according to claim 1 wherein said product comprises an album page.

3. (original) A method according to claim 1 wherein said product comprises a computer storage media having said images.

4. (original) A method according to claim 3 wherein said storage media comprises a CD.

5. (original) A method according to claim 1 wherein said product comprises a digital image file containing said image.

6. (original) A method according to claim 1 further comprising the step of scanning an instruction form which provides an instruction with respect to said images.

7. (original) A method according to claim 6 wherein said instruction provides information as to grouping of said images.

8. (original) A method according to claim 6 wherein said instruction provides information about at least one of said images.

9. (original) A method of organizing a plurality of images provided on a plurality of separate hard copy prints, comprising the steps of:
   placing said hard copy prints into a desired order;
   placing in front of at least one of said hard copy prints an instruction form capable of being scanned;
   scanning said hard copy prints so as to obtain a digital record of said images on said hard copy prints;
   scanning said instruction form so as to obtain information provided on said instruction form.

10. (original) A method according to claim 9 wherein said instructions are followed with respect to said images.

11. (original) A method according to claim 9 further comprising the step of:
   providing at least one good and/or service in accordance with said instructions.

12. (original) A method according to claim 9 wherein said instruction is provided in the form of an icon.

13. (original) A method according to claim 12 wherein said icon is provided on a sticker.

14. (original) A method according to claim 12 wherein said icon is automatically associated by said scanner with respect to a particular instruction and/or information.

15. (original) A method according to claim 9 wherein said instruction form includes at least one machine readable instruction.

-4-

16.   (original)  A method according to claim 9 further comprising the step of searching said images using sad information provided on said instruction form.

## REMARKS

Favorable reconsideration of this application is requested in view of the above amendments and the following remarks. Claim 1 is amended and claims 1-16 remain actively pending in the case. Support for the amendments can be found on at least page 5 of Applicants' Specification. No new matter has been added. Reconsideration of the claim is respectfully requested.

In paragraph 4 on page 2 of the Office Action, claims 1-16 were rejected under 35 USC § 103(a) as being unpatentable over Hiroshima et al. (US 4,771,551) and further in view of Sequilla et al. (US 6,123,362). In paragraph 11 on page 4 of the Office Action, claims 1-16 were rejected under 35 USC § 103(a) as being unpatentable over Hiroshima et al. and further in view of Kato (US 6,141,111). Applicants respectfully traverse the rejections.

Hiroshima fails to teach or disclose at least obtaining hard copy prints from a plurality of different sources and grouping the hard copy prints. Rather, Hiroshima merely discloses a device to applying angle data marks to original photographs adhered to a cylinder of an image data input scanner. Col. 2, lines 48-53; Col. 4, lines 34-36.

Sequilla fails to remedy the deficiencies of Hiroshima as Sequilla fails to teach or disclose at least obtaining hard copy prints from a plurality of different sources and grouping the hard copy prints. Sequilla peels sticker images from a sticker sheet 18 to be placed on a collage. Col. 5, lines 58-60.

Kato fails to remedy the deficiencies of Hiroshima and Sequilla as Kato fails to teach or disclose at least obtaining hard copy prints from a plurality of different sources and grouping the hard copy prints. Rather, Kato discloses extra-copy printing wherein images are provided by a digital still camera. Col. 7, lines 37-39.

Accordingly, the cited references disclose obtaining images from a single source rather from a plurality of different sources (i.e., film, CD, uploads etc.) and grouping said plurality of digital images in an order in which they have been scanned.

With respect to the Office Action taking official notice, Applicants respectfully assert that Applicants' claim elements do not constitute facts outside of the record which are capable of instant and unquestionable demonstration as

being "well-known" in the art. The references relied on by the Examiner, for example, fail to disclose this purportedly "well known" fact. Applicants contend that reasonable doubt exists regarding the circumstances justifying the Examiner's exercise of official notice, and request that the Examiner provide evidence that demonstrates the appropriateness of the officially noticed facts pursuant to MPEP § 2144.03. Applicants reserve the opportunity to respond to the Examiner's comments concerning any such judicially noticed facts.

Therefore, in view of the above remarks, Applicants' independent claims depend from claim 1 and include the features recited in the independent claim. Applicants respectfully submit that claims 2-16 are also patentably distinct over the cited references. Nevertheless, Applicants are not conceding the correctness of the Office Action's rejection with respect to such dependent claims and reserve the right to make additional arguments if necessary.

In view of the foregoing it is respectfully submitted that the claims in their present form are in condition for allowance and such action is respectfully requested.

Respectfully submitted,

_____
Attorney for Applicant(s)
Registration No. 53,950

Thomas J. Strouse/phw
Rochester, NY 14650
Telephone: 585-588-2728
Facsimile: 585-477-4646
If the Examiner is unable to reach the Applicant(s) Attorney at the telephone number provided, the Examiner is requested to communicate with Eastman Kodak Company Patent Operations at (585) 477-4656.