**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>  Plaintiffs/Counter-Defendants,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION; and CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>  Defendants/Counter-Plaintiffs,<br><br>v.<br><br>INTELLECTUAL VENTURES MANAGEMENT, LLC; INVENTION INVESTMENT FUND I, L.P.; INVENTION INVESTMENT FUND II, LLC; INTELLECTUAL VENTURES FUND 83 LLC; and JOHN DOES 1-2000,<br><br>  Additional Counter-Defendants. | Civil Action No. 1:13-CV-00740-AJT-TCB |

**CAPITAL ONE'S OPPOSITION TO INTELLECTUAL VENTURES'
MOTION FOR A SEPARATE TRIAL ON ANTITRUST AND PATENT
MISUSE ISSUES AND TO STAY DISCOVERY ON THOSE ISSUES**

Capital One Financial Corporation, Capital One Bank (USA), National Association and Capital One, National Association (collectively "Capital One") respectfully submit the following memorandum in opposition to Intellectual Ventures I LLC, Intellectual Ventures II LLC, Intellectual Ventures Management LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures Fund 83 LLC, and John Does 1-2000

(collectively "Intellectual Ventures" or "IV")[1] motion for a separate trial on the antitrust and patent misuse issues and to stay discovery on those issues.

## I.  INTRODUCTION

Intellectual Ventures deliberately selected this fast-moving forum to pursue its patent infringement claims against Capital One.  But after Capital One timely filed its antitrust counterclaims, IV unilaterally and improperly refused to participate in *any* discovery on the counterclaims, despite neither seeking nor receiving a stay or protective order.  Now, IV seeks to employ the swift pace of discovery in its chosen jurisdiction as a ground to stay all proceedings, including discovery, on Capital One's patent misuse defense and antitrust counterclaims, arguing that separate trials are necessary because discovery on both the counterclaims and patent claims cannot be completed under the current schedule.  This relief would be truly extraordinary, and IV cannot show the compelling circumstances necessary to warrant bifurcation.

This Court should not allow IV to use the speed of this jurisdiction's civil litigation procedures as a sword for IV's patent claims and a shield against Capital One's antitrust claims.  IV's tactical effort to delay adjudication of the anticompetitive consequences of its business model epitomizes the very behavior that forms the basis of Capital One's misuse defense and amended antitrust counterclaims, and required Capital One to amend those claims:  IV conceals the nature and extent of its patent portfolio through hundreds or thousands of secret, unidentified shell companies to extract supracompetitive royalties and settlements from victims like Capital One.

---

[1] Intellectual Ventures' motion was captioned "Intellectual Ventures I LLC, *et al.*".  *See* Dkt. 113.  Capital One understands that caption to include the additional counter-defendants named in Capital One's amended answer and counterclaims, Dkt. 88, as Capital One agrees with IV that this Court "approved the filing of Capital One's amended pleading and the joinder of the New Intellectual Ventures Parties."  Dkt. 113 at 4.

The Court should deny IV's bifurcation motion on the merits because a separate trial is unnecessary and imprudent for four compelling reasons.  **First**, a combined trial will not cause significant delay because a three-month extension of discovery, at most, is sufficient.  Indeed, IV cannot complain about such an extension, having previously asked Judge Jones for a three-month extension of discovery before Capital One filed its antitrust counterclaims.  *See* Dkt. 49, 50.

**Second**, a combined trial will be *more* efficient because the claims arise out of the same core set of facts.  Thus, two trials will require consideration of overlapping issues and evidence.  For example, a determination of reasonable royalty is relevant to patent damages, patent misuse, and the market power and antitrust injury aspects of the antitrust counterclaims.  Capital One's antitrust counterclaims are based on the *same* factual allegations as its patent misuse defense.  **Third**, given this overlap, a combined trial will eliminate the risk of inconsistent judgments and reduce the chances of jury confusion.

**Fourth**, a combined trial will not prejudice either party, as the Court's schedule applies equally to both parties.  Conversely, separate trials would substantially prejudice Capital One.  It would be manifestly unjust for Capital One to face trial on the infringement claims before IV faces trial on the antitrust counterclaims, given that all claims arise out of the same core set of facts.  It would also substantially prejudice Capital One to allow a jury to award damages against Capital One for any infringement before allowing Capital One to present fully its defenses, including patent misuse, and its counterclaims.

If the Court does order a separate trial, to serve the interests of both parties and the Court in an efficient and prompt resolution of all issues, the Court should allow discovery to proceed.  Separate discovery would be *less* efficient because, again, the infringement claims, patent misuse defense, and antitrust counterclaims all require exploration of similar evidence.  Relatedly,

separating discovery will require the Court and the parties to tediously determine which discovery relates to which issues.

## II. BACKGROUND

Intellectual Ventures sued Capital One on June 16, 2013 for infringement of five patents. Dkt. 1. Capital One filed its answer and antitrust counterclaims on September 11, 2013. Dkt. 62. In its counterclaims, Capital One alleged that IV violated Section 2 of the Sherman Act and Section 7 of the Clayton Act by aggregating thousands of largely invalid patents, concealing the nature and extent of its patent portfolio, and attacking victims like Capital One with waves of litigation to extract supracompetitive royalties and settlements. *Id.* at 25-31. After IV moved to dismiss the antitrust counterclaims on October 2, 2013 (Dkt. 67), Capital One amended the counterclaims on October 14, 2013 adding other IV entities as additional counter-defendants. Dkt. 88. The Court will hear IV's renewed motion to dismiss on November 15, 2013. Dkt. 106.

## III. ARGUMENT

### A. A Separate Trial On the Antitrust and Patent Misuse Issues Is Unnecessary and Inefficient and Would Reward IV's Discovery Misconduct

Bifurcation is "the exception, not the rule in civil cases, including patent cases." *Senorx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 568 (D. Del. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 42 Advisory Committee's Note on 1966 Amendment ("separation of issues for trial is not to be routinely ordered").[2] Although bifurcation "can be conducive to

---

[2] Where the bifurcation question implicates patent law, Federal Circuit law applies to both substantive and procedural issues. *See Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004) (Federal Circuit applies "the law of the regional circuit . . . unless the issue pertains to or is unique to patent law, in which case [Federal Circuit] will apply [its] own law to both substantive and procedural issues intimately involved in the substance of enforcement of the patent right." (citation omitted) (internal quotation marks omitted)). Where the question is one of pure procedure, regional circuit law applies. *See W.L. Gore & Assocs.,*

4

judicial expedition and economy, dividing the ultimate resolution of a dispute into separate trials could inevitably lead to additional discovery, more pre-trial disputes, empaneling a second jury, deposing or recalling the same witnesses and the potential for multiple, additional post-trial motions and appeals." *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. 09-022-SLR/MPT, 2011 WL 6652346, at *1 (D. Del. Dec. 22, 2011) (declining to bifurcate defendant's counterclaim of attempted monopolization from plaintiff's claim of patent infringement). As such, "'bifurcation should be particularly compelling and prevail only in exceptional cases.'" *Id.* (quoting *Kos Pharms., Inc. v. Barr Labs., Inc.*, 218 F.R.D. 387, 390 (S.D.N.Y. 2003)); *see also Sonobond Corp v. Uthe Tech., Inc.*, 314 F. Supp. 878, 882 (N.D. Cal. 1970) (declining to separate infringement and validity issues from misuse and antitrust issues because courts "have cautioned against [such] piecemeal adjudication" unless a combined trial would be "unduly burdensome"). The decision to bifurcate "is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). "The party moving for bifurcation has the burden of establishing that it is appropriate." *Senorx*, 920 F. Supp. 2d at 567.

    Rule 42(b) gives courts broad discretion to try issues separately for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). In exercising that discretion, a court's "major consideration" is "the choice most likely to result in a *just final disposition* of the litigation." *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986) (emphasis added).

---

*Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 861 (Fed. Cir. 1992) ("Because construction of the Federal Rules of Civil Procedure is a matter not unique to patent law, we would normally apply the law of the regional circuit in which the district court sits . . . ." (citation omitted)).

Here, that choice is a combined trial of all issues. As plaintiff, IV voluntarily selected this fast-moving forum to pursue its infringement claims against Capital One. Now, as defendant, IV complains about the swift pace of discovery. IV cannot have it both ways. IV has refused to produce any material in response to Capital One's second set of discovery requests, and unequivocally advised Capital One after the October 25, 2013 hearing that it would not respond to *any* antitrust discovery. The Court should not sanction this misconduct by delaying Capital One's misuse defense and antitrust counterclaims.

In exercising its discretion, the Court should recognize that the relevant factors under Rule 42(b) weigh heavily in favor of a combined trial on all claims and issues.

**1.** First, a combined trial will not cause significant delay because a three-month extension of discovery, at most, is sufficient. Capital One continues to make good-faith efforts to limit the scope of its requests. Conversely, IV's requests are excessively broad and numerous, evidently part of its strategy to abuse the litigation process. For instance, IV served 357 requests for document production on Capital One and has as of today noticed 27 different Capital One employees for depositions, not including 30(b)(6) witnesses, for which IV has served 221 topics. A realistic assessment of the scope of party and third-party discovery on the antitrust counterclaims reveals that much of this requested discovery is immaterial, cumulative, or simply unnecessary.

**2.** Second, a combined trial will be *more* efficient than two separate trials. It is IV's burden to establish that bifurcation is appropriate, yet IV makes no attempt to explain the logistics of multiple trials. For example, IV's proposal assumes multiple juries but IV fails to address what evidence from the first trial would have to be repeated at the second trial to ensure

consistent judgments. Or what evidence must not be repeated at the second trial, to avoid prejudice.

As a threshold matter, multiple rounds of litigation are assured here because Capital One will pursue its antitrust counterclaims regardless of the outcome of IV's infringement claims. The antitrust counterclaims do not depend on disposition of the infringement claims because a finding of infringement does not foreclose Capital One's Sherman Act claims that IV's acquisition and abuse of thousands of largely invalid patents violate the antitrust laws.

Because the infringement claims, patent misuse defense, and antitrust counterclaims require consideration of overlapping issues and evidence, it is in fact more efficient to conduct a single trial rather than endure the multiple rounds of litigation that will inevitably follow bifurcation. Among other issues, a determination of reasonable royalty is relevant to patent damages, patent misuse, and the market power and antitrust injury aspects of the antitrust counterclaims. Similarly, Capital One's misuse defense is logically paired with the infringement claims because it is a complete defense to those claims. In turn, Capital One's antitrust counterclaims are based on the *same* factual allegations as its patent misuse defense: that Intellectual Ventures aggregates thousands of largely invalid patents, conceals the nature and extent of its patent portfolio through hundreds or thousands of shell companies, and attacks victims like Capital One with waves of litigation to extract supracompetitive royalties and settlements.

The evidence required for patent damages, the patent misuse defense, and antitrust counterclaims also substantially overlap. Indeed, IV itself anticipates that "some of the same evidence will be used in both trials." Dkt. at 8. The same witnesses will have knowledge of evidence relating to damages and antitrust; the same documents will be material to proof of

patent damages and antitrust liability, such as financial information, licenses, documents related to licensing policies and business strategy, investor information, corporate structure and relationships, ownership and acquisition of the patents, valuations of the patents, payment and compensation for the patents, and documents related to prior litigations.  This evidence is also relevant to issues of validity, such as patent analyses that IV may have conducted and secondary indicia of nonobviousness, such as evidence of success in the marketplace.

Courts have emphasized that this sort of evidentiary overlap weighs heavily against bifurcation. *See, e.g.*, *Climax Molybdenum Co. v. Molychem, L.L.C.*, 414 F. Supp. 2d 1007, 1014 (D. Colo. 2005) (concluding that a combined trial of the patent and antitrust issues would promote efficiency and fairness where defendant's inequitable conduct defense was based on the same allegation—the fraudulent procurement of patents—as defendant's antitrust counterclaims); *Quantum*, 2011 WL 6652346, at *2-4 (deciding that bifurcation would result in "substantial duplication of evidence" where the invalidity and enforceability of plaintiff's patent was, in part, the basis of defendant's antitrust counterclaims and affirmative defenses); *Synopsys, Inc. v. Magma Design Automation*, No. CIVA 05-701(GMS), 2006 WL 1452803, at *4-5 (D. Del. May 25, 2006) (finding that bifurcation would not be more efficient because plaintiff's allegedly fraudulent acquisition of its patents was the basis of defendant's invalidity defense and antitrust counterclaims).

IV argues that cases like *Climax* are distinguishable because the "patent-type antitrust counterclaims were directed solely at the asserted patents." Dkt. 113 at 6 n.5.  But IV correctly concedes that Capital One's misuse defense and antitrust counterclaims are at least partially patent-type. Dkt. 113 at 6 n.4.  For example, the merits of IV's infringement allegations against Capital One are relevant to a number of antitrust issues, such as whether IV is attempting to

8

impermissibly broaden the scope of its patents and the issue of infringement itself. Similarly, the validity of the patents is relevant to Capital One's defense that IV is anticompetitively asserting invalid patents. The infringement claims, patent misuse defense, and patent and antitrust counterclaims are thus just as "inextricably intertwined" as in *Climax* and other similar cases.

**3.** Third, given the overlapping issues and evidence, a combined trial would eliminate the risk of inconsistent judgments and reduce potential jury confusion. The Court should have confidence in a civil jury's ability to comprehend even "the most complex factual and legal scenarios" and in counsel's ability to "craft cogent presentations to aid the jury in this process." *Synopsys*, 2006 WL 1452803, at *4 (finding that, even though the technology at issue was purportedly complex, neither jury confusion nor efficiency weighed in favor of bifurcating defendant's Sherman Act Section 2 monopolization counterclaims from plaintiff's three counts of patent infringement); s*ee Quantum*, 2011 WL 6652346, at *4.

**4.** Fourth, a combined trial will not prejudice either party, as the Court's schedule applies equally to both IV and Capital One. Contrary to IV's assertion, separate trials are not justified due to the claimed "improper tactical effects of the belated assertion of antitrust counterclaims". Dkt. 113 at 7. There is no dispute that Capital One's antitrust counterclaims were timely filed on September 11, 2013. Dkt. 62. And, more importantly, if the Court denies IV's motion to dismiss those claims, they cannot be considered purely tactical.

Conversely, separate trials will substantially prejudice Capital One. It would be manifestly unjust for Capital One to face trial on the infringement claims before IV faces trial on the antitrust counterclaims, given that all claims arise out of the same core set of facts. It would also substantially prejudice Capital One to determine damages against Capital One for any

infringement before allowing Capital One to present fully its defenses, including patent misuse, and its counterclaims.

### B. If the Court Orders Separate Trials, All Discovery Should Proceed

If the Court orders separate trials, the Court should as a matter of course permit all discovery to proceed. Separate discovery would be *less* efficient because, as explained above, the infringement claims, patent misuse defense, and antitrust counterclaims all require exploration of similar evidence. Relatedly, separating discovery will require the Court and the parties to tediously determine which discovery relates to which issues. *See, e.g.*, *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 614 (D. Colo. 2000) (bifurcating the infringement and antitrust issues but declining to stay antitrust discovery where the infringement and antitrust evidence would overlap because, in part, the court did "not want to be the mediator in disputes over what information relates to antitrust violations and what information relates to patent infringement"). IV's complaints about the expense of discovery should not be credited because, as the original plaintiff, IV "should have expected an antitrust counterclaim, now commonplace in patent litigation." *Dentsply Int'l, Inc. v. New Tech. Co.*, No. 96-272 MMS, 1996 WL 756766, at *6 (D. Del. Dec. 19, 1996) (bifurcating the infringement and antitrust issues but declining to stay antitrust discovery).

Lastly, allowing all discovery will "serve the interests of both parties in an expedited resolution of all the claims". *Ecrix*, 191 F.R.D. at 614; *see Ricoh Co. v. Katun Corp.*, No. 03-2612 (WHW), 2005 U.S. Dist. LEXIS 46493, at *5-6 (D.N.J. July 14, 2005) (bifurcating but declining to stay antitrust discovery because "in the interest of judicial economy, the Court's calendar would be best served by the parties conducting discovery with regard to Defendants' antitrust claims"). If as Capital One anticipates all patent and antitrust discovery can be

completed within three months, the Court need not wait even that long to begin the infringement trial. By completing antitrust discovery now, the parties will be prepared to proceed on those counterclaims as soon as the infringement trial is complete. Any additional delay would prejudice Capital One's ability to pursue fully its defenses and counterclaims.

## IV. CONCLUSION

For all the foregoing reasons, the Court should deny IV's motion for a separate trial and to stay discovery, and should reject bifurcation in favor of a single trial on all claims and defenses asserted by both parties. If the Court ultimately favors separate trials, however, all discovery should proceed.

Dated: November 12, 2013

**CAPITAL ONE FINANCIAL CORPORATION**
**CAPITAL ONE BANK (USA), N.A.**
**CAPITAL ONE, N.A.**

/s/ Jonathan D. Link

Jonathan D. Link (VSB No. 42951)
jonathan.link@lw.com
Marguerite M. Sullivan (VSB No. 66000)
marguerite.sullivan@lw.com
Matthew J. Moore (*pro hac vice*)
matthew.moore@lw.com
Abbott B. Lipsky, Jr. (*pro hac vice*)
tad.lipsky@lw.com
Gabrielle Kohlmeier (*pro hac vice*)
gabrielle.kohlmeier@lw.com
Peter Schmidt (*pro hac vice*)
peter.schmidt@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200; Fax: (202) 637-2201

Jeffrey G. Homrig (*pro hac vice*)
jeff.homrig@lw.com
Patricia Young (*pro hac vice*)

patricia.young@lw.com
Linfong Tzeng (*pro hac vice*)
linfong.tzen@lw.com
Shoney Blake (*pro hac vice* pending)
shoney.blake@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025-1008
Tel: (650) 328-4600; Fax: (650) 463-2600

Joseph H. Lee (*pro hac vice*)
joseph.lee@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 840-1235; Fax: (714) 755-8290

Neil A. Rubin (*pro hac vice*)
neil.rubin@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Tel: (213) 485-1234; Fax: (213) 891-8763

Andrew J. Fossum (*pro hac vice*)
andrew.fossum@lw.com
LATHAM & WATKINS LLP
811 Main Street, Suite 3700
Houston, TX 77002
Tel: (713) 546-7449; Fax: (713) 546-5401

Alan James Devlin (*pro hac vice*)
alan.devlin@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 395-8294; Fax: (415) 395-5095

Cassius K. Sims (*pro hac vice* pending)
cassius.sims@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200; Fax: (212) 751-4864

Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Dabney J. Carr, IV (VSB No. 28679)
dabney.carr@troutmansanders.com
Nicholas R. Klaiber (VSB No. 80563)
nicholas.klaiber@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1246
Facsimile: (804) 698-5124

Mary Catherine Zinsner (VSB No. 31397)
mary.zinsner@troutmansanders.com
Glenn B. Manishin (VSB No. 49029)
glenn.manishin@troutmansanders.com
S. Mohsin Reza (VSB No. 75347)
mohsin.reza@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

*Attorneys for Defendants, Capital One Financial Corporation, Capital One Bank (USA), N.A. and Capital One, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November, 2013, I filed the foregoing with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all registered CM/ECF users listed below:

| | |
|---|---|
| Craig Crandall Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco St.<br>Alexandria, VA 22314<br>703-549-5353<br>Fax: 703-549-2604<br>craig.reilly@ccreillylaw.com | Clayton Thompson<br>Ian F. Feinberg<br>M. Elizabeth Day<br>David Alberti<br>Marc C. Belloli<br>Yakov Zolotorev<br>Lawrence McDonough<br>Sal Lim<br>Nickolas Bohl<br>Peter Mikhail<br>Feinberg Day Alberti & Thompson LLP<br>1600 El Camino Real, Suite 280<br>Menlo Park, CA 94025<br>(650) 618-4364 (T)<br>(650) 618-4368 (F)<br>cthompson@feinday.com<br>ifeinberg@feinday.com<br>eday@feinday.com<br>dalberti@feinday.com<br>nbelloli@feinday.com<br>yzolotorev@feinday.com<br>lmcdonough@feinday.com<br>slim@feinday.com<br>nbohl@feinday.com<br>pmikhail@feinday.com |

*Counsel for Plaintiffs Intellectual Ventures I LLC*
*and Intellectual Ventures II LLC*

　　　　　　　　　　　　　　　　　　　/s/ Jonathan D. Link
　　　　　　　　　　　　　　　　Jonathan D. Link (VSB No. 42951)
　　　　　　　　　　　　　　　　jonathan.link@lw.com
　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　555 Eleventh Street, NW, Suite 1000
　　　　　　　　　　　　　　　　Washington, D.C.  20004-1304
　　　　　　　　　　　　　　　　Telephone:  (202) 637-2200

Facsimile:  (202) 637-2201

*Attorney for Capital One Defendants/Counter-Plaintiffs Financial Corporation, Capital One Bank (USA), National Association and Capital One, National Association*