UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, *et al.*, ) <br> ) <br> *Plaintiffs* ) <br> ) <br> *v.* ) <br> ) <br> CAPITAL ONE FINANCIAL CORP., *et al.*, ) <br> ) <br> *Defendants* ) | Case No. 1:13cv740 <br> (AJT/TCB) |

**PLAINTIFFS' BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION FOR ADDITIONAL
SUMMARY JUDGMENT BRIEFING**

Defendants (together, "Capital One") have moved for leave to file five separate motions for summary judgment (Doc. 117). Specifically, Capital One requests "leave to (1) file an early motion for summary judgment that each claim of the patents-in-suit is invalid as a matter of law under [35 U.S.C.] § 101, and (2) file one additional summary judgment motion per asserted patent on the normal schedule to be heard at the January 17, 2014 summary judgment hearing." (Doc. 117.) Plaintiffs (together, "Intellectual Ventures") oppose this motion. The local civil rules limit the parties to one motion for summary judgment and to a certain number of pages for their briefs. *See* E.D. VA. CIV. R. 7(F)(3) (page limits) & 56(C) (one motion). To be sure, the limits set in the local civil rules may be relaxed for "good cause," but none has been shown here.

Under Capital One's proposal, the parties would submit as many as ***400 pages of briefs*** plus exhibits—that is, a 30-page opening brief, 30-page opposition, and 20-page reply for each of Capital One's five motions—not to mention the briefing on any motion(s) for summary judgment that Intellectual Ventures may be able to file. Capital One's request for such an avalanche of paper is unwarranted, unreasonable, and unprecedented. Merely listing the issues

1

that Capital One proposes the parties brief for possible summary adjudication—"§ 101," "anticipation," "obviousness," and "non-infringement"—hardly suffices to show "good cause" for leave to file additional summary judgment motions.

## ARGUMENT

### I.   GOVERNING LAW

The "issues of substantive patent law" that Capital One proposes for its five motions for summary judgment—patent eligibility, infringement, and invalidity—are governed by Federal Circuit law.  *See Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1016 (Fed. Cir. 2006).  The Federal Circuit has ruled, however, that procedural matters which are not unique to patent law are generally governed by regional circuit and local rules.  *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 857 (Fed. Cir. 1991) (regional circuit and local rules govern procedural matters); *Semiconductor Energy Lab. Co., Ltd. v. Samsung Electronics Co., Ltd.*, 24 F. Supp. 2d 537, 539 n.2 (E.D. Va. 1998) (same).  Intellectual Ventures respectfully submits that the local civil rules govern the briefing issue presented in this motion.

Under the local civil rules, "a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment" unless permitted by leave of court.  E.D.VA.CIV.R. 56(C).  Enforcing compliance with that rule, or any other rule, enables the Court to function efficiently:  "The Eastern District of Virginia is among the busiest in the nation, and it is obvious that the court must necessarily require substantial compliance with the rules of procedure in order to best dispense justice for all."  *Foy v. Norfolk & W. Ry. Co.*, 377 F.2d 243, 247 (4th Cir. 1967).  Likewise, the local civil rules provide that the parties are limited to 30-page opening briefs, 30-page oppositions, and 20-page replies, which limits apply to summary judgment motions.  E.D.VA.CIV.R. 7(F)(3).  For "good cause" shown, the Court may permit a

party to exceed the page limit. *Id.* Good cause for an enlargement of the page limitations set by the local rules, however, cannot be made by "ritualistic recitations" that a case is "complex." *DAG Petroleum Suppliers, L.L.C. v. BP Products No. America*, 2006 U.S. Dist. LEXIS 60106, *3-5 (E.D. Va. Aug. 9, 2006) (citation omitted). Rather, a specific showing of good cause is required. No such showing has been made either for Capital One to file *five separate motions* for summary judgment, or for up to *400 pages of summary judgment briefs*, in addition to briefing on any summary judgment motion(s) Intellectual Ventures may be able to file.

## II. SECTION 101 ISSUES ARE FACT-INTENSIVE

Capital One has already moved the Court to find, as a matter of law, that the asserted patent claims are invalid on their face under § 101 because they purportedly claim "abstract ideas" (Doc. 35). That motion failed (Doc. 56). Capital One now wants to brief that issue again, on the same grounds: "Section 101 affords the Court and the parties an opportunity to test the viability of Plaintiffs' claims on *a purely legal, dispositive issue* ripe for disposition by the Court. And with claim construction proceedings under way, there is no procedural or substantive barrier upon which Plaintiffs can credibly rely to forestall judgment on these claims." (Doc. 118, *Capital One Br.* at 2.) But, as the Federal Circuit has made clear, a challenge to patentability under § 101 is not "a purely legal" issue as Capital One mistakenly posits, but "is rife with underlying factual issues."

As the Federal Circuit has repeatedly reaffirmed, each claim of an issued patent is presumed to be valid, "absent *clear and convincing evidence* to the contrary." *Ultamercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1338 (Fed. Cir. 2013) (emphasis added). Importantly, "the analysis under § 101, while ultimately a legal determination, is *rife with underlying factual issues*." *Id.* at 1339 (emphasis added). The Federal Circuit has identified several fact issues

3

under the § 101 analysis. First, "*factual issues* may underlie determining whether the patent embraces a scientific principle or abstract idea." *Id*. Second, "[if] the question is whether 'genuine human contribution' is required, and that requires 'more than a trivial appendix to the underlying abstract idea,' and were not at the time of filing 'routine, well-understood, or conventional,' *factual inquiries likely abound*." *Id*. (citations omitted) (emphasis added). Third, "[a]lmost by definition, analyzing whether something was 'conventional' or 'routine' *involves analyzing facts*." *Id*. (emphasis added). Accordingly, the analysis under § 101 is detailed and factual, *not* "purely legal."

Moreover, the issue is not necessarily determinable based solely upon the patent claims as construed by the Court. To be sure, claim construction "will normally be required" in an analysis under § 101. *Id*. But even with claim construction having been made, the § 101 issue is not decided in a factual vacuum. The critical *factual* inquiry is this: whether the claimed method or process "*would preempt use* of [the claimed method or process] *in all fields*, and would effectively grant a monopoly over an abstract idea." *In re Bilski*, 130 S. Ct. 3218, 3231 (2010) (emphasis added). Thus, the Federal Circuit has held that "any inquiry into the scope of preemption—how much of the field is 'tied up' by the claim—*by definition will involve historic facts*: identifying the 'field,' the available alternatives, and preemptive impact of the claims in that field." *Ultramercial*, 722 F.3d at 1339 (emphasis added). Therefore, the "presence of factual issues coupled with the requirement for clear and convincing evidence" (*id*.) will remove the § 101 inquiry from being a "purely legal" issue as Capital One erroneously describes it.

Capital One's suggestions that the § 101 issue is now "ripe" for early summary adjudication because "claim construction proceedings are underway," and that a "purely legal" issue will be presented, is demonstrably wrong. Indeed, the fact-intensive inquiry under § 101 in

this case might not be suitable for summary adjudication at all. Accordingly, on this issue, Capital One has not shown any basis for leave to file an "early" additional motion for summary judgment.

Finally, the § 101 analysis is not an anagrammatic game, in which the words and terms of the claims are dissected and mincingly parsed until reduced to "abstractness." Indeed, the Supreme Court has expressly held that business methods and processes that embrace a so-called "abstract idea" may be patented: "while an abstract idea, law of nature, or mathematical formula could not be patented, an *application* of a law of nature or mathematical formula to a known structure or process may well be deserving of patent protection." *Bilski*, 130 S. Ct. at 3230 (emphasis in original) (internal quotation marks omitted). The Federal Circuit has explained that "a claim is not patent eligible only if, instead of claiming an *application* of an abstract idea, the claim is instead *to* the abstract idea itself. The inquiry here is to determine on which side of the line the claim falls: does the claim cover only an abstract idea, or instead does the claim cover an application of an abstract idea?" *Ultramercial*, 722 F.3d at 1343 (emphasis in original). Therefore, "[a] claim can embrace an abstract idea and be patentable." *Id.* Accordingly, the analysis under § 101 is not as simple and sterile as Capital One would have it.

The Federal Circuit has clearly instructed the District Courts what not to do in a § 101 analysis, and what must be done instead:

> The Court has long-recognized that any claim can be stripped down, simplified, generalized, or paraphrased to remove all of its concrete limitations, until at its core, something that could be characterized as an abstract idea is revealed. A court cannot go hunting for abstractions by ignoring the concrete, palpable, tangible limitations of the invention the patentee actually claims. * * * Instead, the relevant inquiry is whether a claim, as a whole, includes *meaningful* limitations restricting it to an application, rather than merely an abstract idea.

*Ultramercial*, 722 F.3d at 1344 (emphasis in original). The "relevant inquiry" includes much more than stripping down and simplifying the claim terms, as Capital One previously has done,

5

and now apparently plans to do again. A repeat of that exercise would waste party and judicial resources, and certainly would not warrant an additional, separate and early motion for summary judgment that "each claim" of the four asserted patents is invalid under § 101.

## III. INVALIDITY AND INFRINGEMENT ISSUES ARE FACT-BOUND

The other issues that Capital One proffers as "defenses that [the Court] can and should decide as a matter of law" (Doc. 118, *Capital One Br*. at 3), are, instead, "questions of fact." Indeed, even Capital One recognizes this, as it contends that certain unidentified "evidence" now "raises substantial questions of invalidity (for example under §§ 102 (anticipation) and 103 (obviousness)) and establishes substantial differences between the accused products and the asserted patents supporting Defendants' non-infringement defenses." (*Id*. at 2 – 3). Capital One has not shown that any—let alone all—of these factual issues warrants multiple summary judgment motions. Indeed, none may even be suitable for summary adjudication.

### A. THE INVALIDITY ISSUES ARE FACTUAL

As noted above, each claim is presumed valid, and will not be found invalid unless the accused infringer has presented "clear and convincing evidence" of grounds for invalidating the claim. *See Ultramercial*, 722 F.3d at 1338; *Dayco Prods., Inc. v. Total Commitment, Inc.*, 329 F.3d 1358, 1370-71 (Fed. Cir. 2003) (invalidity must be proven claim-by-claim); *see also* 35 U.S.C. § 282 (each claim of a patent is presumed valid). As a result, the invalidity issues identified by Capital One are not "purely legal" issues, either. Indeed, on the present record one cannot say that either obviousness or anticipation will even be suitable for summary adjudication in this action with respect to any asserted claim in the four patents-in-suit.

The test for obviousness under 35 U.S.C. § 103 is *factual*: "Obviousness is a question of law ***based on specific factual findings***, including (1) the scope and content of the prior art;

6

(2) differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations, including commercial success, long-felt but unsolved needs, and the failure of others." *MeadWestvaco Corp. v. Rexam* PLC, No. 2012-1518, 2013 U.S. App. LEXIS 19657, *9 (Fed. Cir. Sept. 26, 2013), *aff'g in part*, *vacating in part*, *and remanding*, 809 F. Supp. 2d 463 (E.D. Va. 2011) (emphasis added) (reversing grant of summary judgment of nonobviousness because facts were in dispute). "To establish invalidity [based on obviousness], the ***supporting facts*** must be shown by ***clear and convincing evidence***." *Id*. at *9 (emphasis added). Obviousness usually is the subject of expert opinion testimony on both sides, and is sharply contested. Thus, on this record, Capital One has not shown good cause for leave to file separate summary judgment motions on the factual issue of obviousness on any, let alone "each," of the claims in the four patents-in-suit.

Similarly, to prove that a patent claim is invalid due to "anticipation" under § 102, the accused infringer must show by "clear and convincing evidence" that a single prior art reference includes "each element and limitation" of the asserted patent claim. *E.g*., *Hoover Group, Inc. v. Custom Metalcraft, Inc*., 66 F.3d. 299, 302 (Fed. Cir. 1995) (affirming judgment that claim was not anticipated). "Anticipation is a ***question of fact***." *Id*. (emphasis added). "Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference." *Schumer v. Laboratory Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002) (vacating summary judgment for accused infringer on issue of anticipation). Like obviousness, anticipation usually is the subject of expert opinion testimony on both sides, and is sharply contested. Thus, on this record, Capital

One has not shown good cause for leave to file separate summary judgment motions on the factual issue of anticipation on any, let alone "each," of the claims in the four patents-in-suit.

### B. THE INFRINGEMENT ANALYSIS IS FACTUAL

To prove literal infringement, the patentee must assert a specific claim, as construed by the Court, and apply it to the accused system to show that every element of the asserted claim is found in the accused system. *See, e.g., Allen Engineering Corp. v Bartell Indus.*, 299 F.3d 1336, 1345 (Fed. Cir. 2002) (describing infringement analysis). The issue of literal infringement is a "question of fact." *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1372 (Fed. Cir. 2005), *overruled, in part, on other grounds, Cardiac Pacemakers, Inc. v. Saint Jude Med., Inc.*, 576 F.3d 1348 (Fed. Cir. 2009). If literal infringement is not present, the patentee may still prove that the accused system is the substantial equivalent of the patented invention. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 24-30 (1997). Infringement by equivalents also is a "determination of fact." *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609-10 (1950). Like invalidity, infringement issues usually are the subject of expert opinion testimony on both sides, and are sharply contested. Thus, on this record, Capital One has not shown good cause for leave to file four separate summary judgment motions on the factual issue of infringement—one on each of the four patents-in-suit.[1]

### CONCLUSION

For the reasons argued above, Capital One's motion for leave to file five separate motions for summary judgment should be denied. On the present record, Capital One has not

---

[1] In a footnote (Doc. 118, at 3 n.3), Capital One attempts to raise a dispute about one of the originally asserted patents (the '894 patent), which Intellectual Ventures has proposed to drop from the case—and still intends to drop. The parties are negotiating the terms for dismissing the claims of the '894 patent from the case, and Intellectual Ventures is surprised that Capital One is attempting to conduct those negotiations through footnotes in the judicial record.

shown good cause for filing five separate motions for summary judgment. Nor has it shown either that it will be "severely prejudiced" in presenting its defenses, or that the jury will be "confused." (Doc. 118, *Capital One Br.* at 3.) This variety of factual issues of validity and infringement would be found in almost all patent infringement jury trials. Nonetheless, as the case continues to mature, potential issues for summary judgment motions may be revealed. And it may even be that additional motions will be warranted simply because there are four asserted patents. But on this record, Capital One has not shown good cause for the extraordinary relief it now seeks.

Dated: November 13, 2013                                    Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL:   (703) 549-5354
FAX:   (703) 549-2604
E-MAIL: craig.reilly@ccreillylaw.com
*Counsel for Plaintiffs and the New*
*Intellectual Ventures Parties*

Ian Feinberg
Elizabeth Day
Marc Belloli
Clayton Thompson
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
(650) 618-4364 (T)
(650) 618-4368 (F)
cthompson@feinday.com
ifeinberg@feinday.com
eday@feinday.com
mbelloli@feinday.com
*Counsel for Plaintiffs, Intellectual Ventures I LLC*
*and Intellectual Ventures II LLC,*
*and the New Intellectual Ventures Parties*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2013, I filed the foregoing pleading or paper through the Court's CM/ECF system which sent a notice of electronic filing to the following attorneys for defendants:

| | |
|---|---|
| Robert A. Angle<br>  robert.angle@troutmansanders.com<br>Dabney J. Carr, IV<br>  dabney.carr@troutmansanders.com<br>Nicholas R. Klaiber<br>  nicholas.klaiber@troutmansanders.com<br>TROUTMAN SANDERS LLP<br>1001 Haxall Point<br>Richmond, Virginia 23219 | Mary Catherine Zinsner<br>  mary.zinsner@troutmansanders.com<br>S. Mohsin Reza<br>  mohsin.reza@troutmansanders.com<br>TROUTMAN SANDERS LLP<br>1660 International Drive, Suite 600<br>McLean, VA 22102-3805 |
| Andrew J. Fossom (*pro hac vice*)<br>andrew.fossum@lw.com<br>LATHAM & WATKINS LLP<br>811 Main Street, Suite 3700<br>Houston, TX 77002 | Jeffrey G. Homrig (*pro hac vice*)<br>jeff.homrig@lw.com<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025-1008 |
| Joseph H. Lee (*pro hac vice*)<br>joseph.lee@lw.com<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925 | Neil A. Rubin (*pro hac vice*)<br>neil.rubin@lw.com<br>LATHAM & WATKINS LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1560 |
| | Matthew J. Moore (*pro hac vice*)<br>matthew.moore@lw.com<br>Abbott B. Lipsky, Jr. (*pro hac vice*)<br>tad.lipsky@lw.com<br>Jonathan D. Link<br>Jonathan.link@lw.com<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304 |

*/s/ Craig C. Reilly*
Craig C. Reilly, Esq. VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com
*Counsel for Plaintiffs and the New Intellectual Ventures Parties*