**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br>        Plaintiffs/Counter-Defendants, <br><br>     v. <br><br> CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION; and CAPITAL ONE, NATIONAL ASSOCIATION, <br><br>        Defendants/Counter-Plaintiffs, <br><br>     v. <br><br> INTELLECTUAL VENTURES MANAGEMENT, LLC; INVENTION INVESTMENT FUND I, L.P.; INVENTION INVESTMENT FUND II, LLC; INTELLECTUAL VENTURES FUND 83 LLC, and JOHN DOES 1-2000, <br><br>        Additional Counter-Defendants. | Civil Action No. 1:13-CV-00740-AJT-TCB |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN EARLY SUMMARY JUDGMENT MOTION ON § 101 AND FOR ADDITIONAL SUMMARY JUDGMENT MOTIONS**

Defendants' request for leave to file (1) an early motion for summary judgment that each claim of the patents-in-suit is invalid as a matter of law under § 101 and (2) one additional summary judgment motion per patent to be heard on the normal schedule at the January 17, 2014 summary judgment hearing is grounded in the recognition that this is not the typical patent case. Defendants' request, if granted, will facilitate early resolution of issues and simplify trial.  In opposition, Plaintiffs largely ignore Defendants arguments in favor of granting leave and instead attempt to argue the merits of Defendants' not-yet-filed motions for summary judgment to suggest Defendants should not be allowed to file the motions in the first place, which is improper.

## I.      AN EARLY SUMMARY JUDGMENT ON § 101 ISSUES IS APPROPRIATE AND WOULD LIKELY RESOLVE THIS CASE

Ample cause exists for the Court to grant Defendants' request to file an early summary judgment motion on § 101 issues.  As the Court acknowledged, "significant issues as to patentability" under § 101 exist.  Hrg. Tr. at 58.  And Plaintiffs do not dispute that the prior barrier to adjudication raised by the Court—claim construction—is no longer present, as the parties have disclosed and briefed their claim construction positions.  *See* Dkt Nos. 110, 111, 121, 122, and 130 (claim construction briefing and joint claim construction statement).  Allowing an early motion for summary judgment is therefore likely to simplify, if not entirely eliminate, the dispute between the parties and end this case.  *See* Def. Br. (Dkt No. 118) at 2.

Plaintiffs' challenge to Defendants' request does not deny the potential benefits from an early summary judgment motion in simplifying and resolving the issues before the Court. Instead, they attempt to prematurely argue the merits of the motion, by raising the potential for factual issues.  *See* Pl. Br. (Dkt No. 129) at 3-6.  Whether or not an actual material issue of fact exists regarding whether the patents-in-suit are invalid for failure to meet the requirements of 35

1

U.S.C. § 101 is a question for the Court once a summary judgment motion is filed.  But arguing that factual issues *may* exist is not sufficient grounds for denying leave to file a motion for summary judgment.  Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  Here, Plaintiffs do not even allege that a factual issue actually exists, let alone one that is an actual genuine issue of material fact.  That hypothetical issues of fact may exist in the abstract is insufficient to defeat, let alone delay, a motion for summary judgment.

Nor do Plaintiffs point to a single issue of material fact that requires additional discovery. Plaintiffs rely heavily on *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335 (Fed. Cir. 2013), for the argument that a summary judgment motion on § 101 issues is premature.  Pl. Br. at 3-6.  But *Ultramercial*, the very case Plaintiffs rely upon, confirms that the question of whether a patent is invalid under § 101 is "ultimately a legal determination."  722 F.3d at 1339.  Furthermore, *Ultramercial* was deciding whether to uphold a dismissal for lack of patent-eligible subject matter, a much different procedural posture from the motion for summary judgment sought here. *See* 722 F.3d at 1338.  In *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, the Federal Circuit specifically considered the different procedural postures of a motion to dismiss as in *Ultramerial* versus a motion for summary judgment as in *Accenture*.  728 F.3d 1336, 1346 (Fed. Cir. 2013).  It concluded that a grant of summary judgment that the patent claims at issue were invalid under § 101 was proper despite *Ultramercial*, in part because in *Accenture* the patentee had opportunity for discovery and claim construction and could "not point to any error in claim construction or to a fact issue that require[d] additional discovery."  *Id.*  So too here,

Plaintiffs have had an opportunity to conduct discovery on § 101-related issues and participate in claim construction and do not now argue summary judgment should be delayed because additional discovery is required or on the basis of claim construction.  *See also* Def. Br. at 2. Accordingly, the Court should grant Defendants' request for an early motion for summary judgment on § 101 issues without prejudice to their ability to seek summary judgment on other issues on the normal schedule.

II.    <u>**THE NATURE AND COMPLEXITY OF THIS CASE SUPPORTS THE DEFENDANTS' REQUEST TO FILE ONE SUMMARY JUDGMENT MOTION PER PATENT ON THE NORMAL SCHEDULE**</u>

As with the motion for summary judgment on § 101 issues, Plaintiffs oppose Defendants request for a summary judgment motion for each patent on the normal schedule largely by attacking the merits of the summary judgment motions themselves, as opposed to the need for additional motions.  Pl. Br. at 6-8.  But Plaintiffs' arguments are beside the point—summary judgment is appropriate even if an issue for consideration is a factual one, as long as there is no genuine dispute regarding material facts.  Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law); *Anderson*, 477 U.S. at 247-48.  And summary judgment motions have long been an accepted means by which issues such as non-infringement and invalidity are resolved.  *See, e.g.*, *Ace Fastener Corp. v. U.S.*, 276 F.2d 391, 392 (Ct. Claims[1] 1960) (rejecting argument that summary judgment is not appropriate in patent cases).

Indeed, it is in part because of the factual nature of some of the issues that will likely be presented for summary judgment that a motion for each patent is necessary.  This is not the typical patent case, where a single patent or even a related family of patents is being asserted

---

[1] The Court of Claims is the predecessor court to the Court of Appeals for the Federal Circuit.

against a single product or family of products.  Each of the five patents in suit[2] comes from a different set of inventors, concerns different subjects, and is asserted against different, and often multiple, products and features.  The patents are allegedly even owned by multiple entities.  *See* Complaint (Dkt No. 1) at ¶¶ 19 and 20.  And, of course, claims are being asserted against multiple defendants.  Furthermore, as Plaintiffs point out, certain disputes that would be appropriate for summary judgment would have a number of factual determinations that would need to be adequately addressed in any summary judgment motion.  *See* Pl. Br. at 6-8.  Even in a single-patent case, it would be difficult to address all of the issues for summary judgment in a single motion, given the number and complexity of available legal defenses.  And, in effect, this is not a single patent case, but rather five separate patent cases, each with multiple issues for summary judgment, justifying a separate summary judgment motion for each patent.

In response, Plaintiffs rely on *DAG Petroleum Suppliers, LLC v. BP P.L.C.*, Case No. 1:05cv1323, 2006 U.S. Dist. LEXIS 60106 (E.D.Va. Aug. 9, 2006), to argue that "ritualistic recitations" that a case is "complex" does not suffice to show good cause for allowing additional summary judgment briefing.  Pl. Br. at 2-3.  But the "ritualistic recitations" complained about in *DAG Petroleum* were with the volume of discovery in the case, not with the multiple complications such as the number of patents, accused products, or issues for summary judgment presented here.  *Id.* at *4-5.  Here, Defendants' have not relied upon "ritualistic recitations" but rather have identified a number of specific reasons why a summary judgment motion for each patent is appropriate.  Defendants are entitled to present its defenses to each of Plaintiffs' claims for patent infringement to the Court on summary judgment.  As stated in Defendants' opening

---

[2] While the parties are discussing dismissing Plaintiffs' claims and Defendants' counterclaims regarding the '894 patent, no agreement has yet been reached and there is no guarantee that any agreement will be reached.

brief, not only would Defendants be prejudiced if leave to do so were not granted, but there would be a subsequent increase in burden to the parties, the Court, and the jury as a result of the denial, because of the need to defer issues that should have been decided at the summary judgment stage to trial. *See, e.g.*, Def. Br. at 3.

The circumstances and the request in *DAG Petroleum* also materially differ from that here. In *DAG Petroleum*, the Plaintiff requested additional pages to respond to briefing from Defendants[3] that were within the page limits. *Id.* at *3-4. The Court, in denying the request, specifically relied upon the fact that the motions Plaintiff would be responding to were within the page limits and any increase in page limits would therefore give Plaintiffs an unjustified advantage. *Id.* at *4. Here, there is no such asymmetry—Plaintiffs would have an opportunity to separately respond to each motion for summary judgment Defendants would file. And Defendants would not oppose a request by Plaintiffs to file a separate summary judgment motion for each patent as well. Accordingly, the result in *DAG Petroleum* has no bearing on whether leave to file a separate motion for summary judgment for each patent should be granted here. As the Defendants have shown good cause for doing so, Defendants' request should be granted.

## III.   <u>CONCLUSION</u>

For the foregoing reasons and the reasons set forth in their opening brief, Defendants respectfully request that the Court grant leave for them to 1) file an early motion for summary judgment that each claim of the patents-in-suit is invalid under § 101 without prejudice to seek summary judgment on other issues on the normal schedule, and 2) file one summary judgment

---

[3] Of note, even in *DAG Petroleum* more than one summary judgment motion was allowed, as each defendant filed a separate (and substantively different) motion for summary judgment. *Id.* at *3.

motion per patent to be heard during the summary judgment hearing scheduled for January 17, 2014.

Dated: November 14, 2013

CAPITAL ONE FINANCIAL CORPORATION
CAPITAL ONE BANK (USA), N.A.
CAPITAL ONE, N.A.


_____/s/ Jonathan D. Link_____

Jonathan D. Link (VSB No. 42951)
jonathan.link@lw.com
Marguerite M. Sullivan (VSB No. 66000)
marguerite.sullivan@lw.com
Matthew J. Moore (*pro hac vice*)
matthew.moore@lw.com
Abbott B. Lipsky, Jr. (*pro hac vice*)
tad.lipsky@lw.com
Peter Schmidt (*pro hac vice*)
peter.schmidt@lw.com
Gabrielle Kohlmeier (*pro hac vice*)
gabrielle.kohlmeier@lw.com
Anthony J. Zappin (*pro hac vice*)
anthony.zappin@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
Tel: (202) 637-2200; Fax: (202) 637-2201

Jeffrey G. Homrig (*pro hac vice*)
jeff.homrig@lw.com
Patricia Young (*pro hac vice*)
patricia.young@lw.com
Linfong Tzeng (*pro hac vice*)
linfong.tzeng@lw.com
Shoney Blake (*pro hac vice*)
shoney.blake@lw.com
LATHAM & WATKINS LLP
140 Scott Drive

6

Menlo Park, CA  94025-1008
Tel: (650) 328-4600; Fax: (650) 463-2600

Joseph H. Lee (*pro hac vice*)
joseph.lee@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
Tel: (714) 840-1235; Fax: (714) 755-8290

Neil A. Rubin (*pro hac vice*)
neil.rubin@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA  90071-1560
Tel: (213) 485-1234; Fax: (213) 891-8763

Andrew J. Fossum (*pro hac vice*)
andrew.fossum@lw.com
LATHAM & WATKINS LLP
811 Main Street, Suite 3700
Houston, TX  77002
Tel: (713) 546-7449; Fax: (713) 546-5401

Alan James Devlin (*pro hac vice*)
alan.devlin@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 395-8294; Fax: (415) 395-5095

Cassius K. Sims (*pro hac vice*)
cassius.sims@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200; Fax: (212) 751-4864

Mary C. Zinsner (VSB No. 31397)
mary.zinsner@troutmansanders.com
S. Mohsin Reza (VSB No. 75347)
mohsin.reza@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, VA 22182
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

7

Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Dabney J. Carr, IV (VSB No. 28679)
dabney.carr@troutmansanders.com
Nicholas R. Klaiber (VSB No. 80563)
nicholas.klaiber@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1246
Facsimile: (804) 698-5124


*Attorneys for Defendants, Capital One Financial
Corporation, Capital One Bank (USA), N.A., and
Capital One, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2013, I electronically served the

foregoing to Plaintiffs' counsel as indicated:

<table>
<tr>
<td>

Craig Crandall Reilly
Law Office of Craig C. Reilly
111 Oronoco St.
Alexandria, VA 22314
703-549-5353
Fax: 703-549-2604
craig.reilly@ccreillylaw.com

</td>
<td>

Clayton Thompson
Ian F. Feinberg
M. Elizabeth Day
David Alberti
Marc C. Belloli
Yakov Zolotorev
Lawrence McDonough
Sal Lim
Nickolas Bohl
Peter Mikhail
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
(650) 618-4364 (T)
(650) 618-4368 (F)
cthompson@feinday.com
ifeinberg@feinday.com
eday@feinday.com
dalberti@feinday.com
nbelloli@feinday.com
yzolotorev@feinday.com
lmcdonough@feinday.com
slim@feinday.com
nbohl@feinday.com
pmikhail@feinday.com

</td>
</tr>
</table>

*Counsel for Plaintiffs Intellectual Ventures I LLC
and Intellectual Ventures II LLC*

                    /s/ Jonathan D. Link
                Jonathan D. Link (VSB No. 42951)
                jonathan.link@lw.com
                LATHAM & WATKINS LLP
                555 Eleventh Street, NW, Suite 1000
                Washington, D.C.  20004-1304
                Telephone:  (202) 637-2200
                Facsimile:  (202) 637-2201