UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, *et al.*, ) <br> ) <br> *Plaintiffs* ) <br> ) <br> *v.* ) <br> ) <br> CAPITAL ONE FINANCIAL CORP., *et al.*, ) <br> ) <br> *Defendants* ) | Case No. 1:13cv740 <br> (AJT/TCB) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL, WITH PREJUDICE,
OF CLAIMS UNDER UNITED STATES PATENT No. 6,182,894**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs have moved to voluntarily dismiss their claims under United States Patent No. 6,182,894 ('894 patent"), ***with prejudice***, because Plaintiffs' extensive efforts to reach a stipulation with Defendants for dismissal of those claims under Rule 41(a)(1)(A)(ii) have been unsuccessful. Under Rule 41(a)(2), dismissal of claims on Plaintiffs' request may be done "only by court order, on terms that the court considers proper." FED.R.CIV.P. 41(a)(2). Plaintiffs respectfully submit that the dismissal of their claims under the '894 patent ***with prejudice*** obviates the need to impose other terms, that the Court should dismiss Defendants' corresponding counterclaims ***without prejudice***, and that the Court should not award fees, expenses, or costs to either side at this time.

### STATEMENT OF THE CASE

By complaint filed June 19, 2013, Plaintiffs commenced this action for patent infringement against Defendants, asserting five patents including the '894 patent (Doc. 1, *Complaint*, Third Claim for Relief). Defendants counterclaimed, *inter alia*, for declaratory judgments that the '894 patent is invalid and that they do not infringe the '894 patent (Doc. 88,

1

[*Amended*] *Answer to Complaint*, Counterclaim Counts Five and Six). Plaintiffs deny that Defendants are entitled to any such relief.

As provided in the parties' joint discovery plan, Plaintiffs served claim charts identifying particular accused products and services that allegedly infringed the '894 patent. Defendants disclosed no pending or future plans for implementing other instrumentalities that potentially infringed the '894 patent. In turn, Defendants served preliminary invalidity contentions, which included alleged prior art directed to the '894 patent.

As discovery in this action progressed, Plaintiffs determined that there may be invalidating prior art references to the claims of the '894 patent. To be sure, Plaintiffs believe that the invention described in the '894 patent specification is patentable and valid, but recognize that the claims, *as written*, are at risk of being found invalid. Rather than incur that risk, and to save the parties' and Court's resources, Plaintiffs decided to withdraw those claims and explore their rights to have the '894 patent claims re-written, re-examined, and (or) re-issued.

Over eight weeks ago, Plaintiffs notified Defendants in writing of their intention to voluntarily dismiss their claims under the '894 patent, and proposed a form of stipulated dismissal. Since then, all discovery activities regarding the '894 patent have been suspended while the parties negotiated the stipulation, and the parties advised the Court on several occasions that the claims under the '894 patent were being withdrawn (*e.g*., Doc. 113, *Plaintiffs' Bifurcation Brief* at 3 n.2). Neither party asked the Court to construe any claims under the '894 patent, which the Court noted in its claims construction order (Doc. 162, *Claim Construction Order*, n.1). However, because Plaintiffs' efforts to negotiate a Rule 41(a)(1)(A)(ii) stipulation have been unsuccessful, Plaintiffs' claims under the '894 patent are still pending. Plaintiffs now file this motion to voluntarily dismiss them *with prejudice*.

# ARGUMENT

I. **PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL SHOULD BE GRANTED**

   A. **GOVERNING LAW**

In any patent case, there is a threshold choice-of-law issue regarding the application of procedural law where, as here, the procedural issue does not implicate substantive patent law. Although substantive issues are governed by Federal Circuit law, that court has ruled that it will "review *procedural matters*, that are not unique to patent issues, under the law of the particular regional circuit where appeals from the district court would normally lie." *Panduit Corp. v. Allstates Plastic Mfg. Co., Inc.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984) (emphasis added). Under this choice-of-law rule, the procedural law of the regional circuits generally governs Rule 41 issues. *Walter Kidde Portable Equip., Inc. v. Versal Security Instr., Inc.*, 479 F.3d 1330, 1335-36 (Fed. Cir. 2007) (applying Fourth Circuit law).[1] Thus, the Fourth Circuit standards under Rule 41 are applied below.

   B. **VOLUNTARY DISMISSAL SHOULD BE GRANTED**

After the defendant has filed an answer or has moved for summary judgment, the Court may allow the plaintiff, on motion, to voluntarily dismiss its action "on terms that the court considers proper." FED.R.CIV.P. 41(a)(2). This motion is committed to "the discretion of the district court." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "Voluntary dismissal under this rule is favored," *RMD Concessions, L.L.C. v. Westfield Corp., Inc.*, 194 F.R.D. 241, 242 (E.D. Va. 2000); and such relief may be granted "at any time," *Davis*, 819 F.2d at 1273;

---

[1] The *Kidde* decision concerned a dismissal *without prejudice*, and the effect of that sort of dismissal on the defendants' patent, antitrust, and other counterclaims for which there was an independent basis for subject matter jurisdiction. Given those different circumstances, the substantive holding in *Kidde* does not apply to this action.

*Kozak v. FedEx Kinko's, Inc.*, 2008 U.S. Dist. LEXIS 17823, *4 (E.D. Va. Mar. 6, 2008) (same). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis*, 819 F.2d at 1273. Under these principles, Plaintiffs' motion should be granted at this time because Defendants will not be "unfairly prejudiced" by the voluntary dismissal of the '894 claims ***with prejudice***.

Generally, "[if] the plaintiff moves for an order under Rule 41(a)(2) for voluntary dismissal, specifically requesting that the dismissal be with prejudice, it has been held that the district court ***must*** grant that request." 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2367 at 551 & n.3 (2008) (emphasis added). Nonetheless, Plaintiffs assume for the purposes of this motion that the Court will exercise discretionary review of this request for voluntary dismissal.

Typically, the Court, in its discretion, examines four procedural factors when considering a Rule 41(a)(2) motion: "(1) the plaintiff's diligence in moving for a voluntary dismissal; (2) the defendant's effort and expense in preparing for trial; (3) the litigation's present stage, *i.e.*, whether a dispositive motion is pending; and (4) the adequacy of the plaintiff's explanation of the need to dismiss." *Kozak*, 2008 U.S. Dist. LEXIS 17823, at *4-5. An analysis of these factors strongly supports Plaintiffs' motion.

All four factors favor dismissal at this time. First, when Plaintiffs' determined that dismissal of the claims under the '894 patent was warranted, they immediately advised Defendants over two months ago. Since then, both sides have acted as if those claims were going to be dismissed, even though they could not agree on a form of stipulation. Second, discovery activities on these claims were suspended early on, and neither side has yet undertaken trial preparation—indeed, the parties are several weeks away from even commencing that.

4

Third, no dispositive motions are pending. Fourth, Plaintiffs' explanation of its request for voluntary dismissal is adequate because it is based on a good faith decision—*viz.*, that the claims in the '894 patent, ***as currently written***, may be invalid even though Plaintiffs believe that new and valid claims could be written.

The final inquiry is whether Defendants will be "unfairly prejudiced." They will not, because Plaintiffs have moved for voluntary dismissal of their claims under the '894 patent ***with prejudice***. That will end the litigation under that patent without either side incurring more costs and fees, and will effectively immunize the accused instrumentalities under the '894 patent. And as explained next, Defendants' corresponding counterclaims should be dismissed, ***without prejudice***, permitting the reassertion of them should future circumstances warrant.

Therefore, Defendants will not be "unfairly prejudiced," and Plaintiffs' motion to voluntarily dismiss their claims under the '894 patent should be granted.

## II. THE COURT SHOULD DISMISS DEFENDANTS' CORRESPONDING COUNTERCLAIMS WITHOUT PREJUDICE

Upon the dismissal, ***with prejudice***, of Plaintiffs' claims under the '894 patent, an Article III "case or controversy" will no longer exist that would support either of Defendants' corresponding counterclaims. For there to be a case or controversy under Article III, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Similarly, to support a declaratory judgment for invalidity of a patent, there must be a controversy in which "a patentee asserts rights under a patent ***based on certain identified ongoing or planned activity*** of another party." *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007)

(emphasis added). Under this standard, the case or controversy requirement is not met here because Plaintiffs' claims under the '894 patent regarding Defendants' "ongoing" activities are conclusively terminated by the dismissal *with prejudice*, and there is no evidence of any "planned activity" that might infringe the '894 patent. Both grounds warrant further explanation.

First, because of the dismissal *with prejudice*, the declaratory judgment counterclaims are mooted as to Defendants' "ongoing" activity utilizing the accused products and services. Generally, the plaintiff's voluntary dismissal of a claim with prejudice has the full *res judicata* effect of a judgment on the merits in favor of the defendant. *See* 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2367 at 557 & n.8 (2008); *accord Havee v. Belk*, 775 F.2d 1209, 1222 n.18 (4th Cir. 1985) (quoting and following WRIGHT & MILLER). Thus, upon entry, this voluntary dismissal with prejudice, in and of itself, immunizes Defendants' pre-dismissal activities and accused products and services from any future claims of infringement under the '894 patent.

Second, on this record, there is no evidence of any "planned activity" by Defendants that would likely infringe the '894 patent. In the absence of any "planned activity" that appears to infringe, a "case or controversy" no longer exists.

The present circumstances are analogous to those in *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007), *cert. denied,* 128 S. Ct. 2055 (2008). In that case, the defendant (Nucleonics) was sued for patent infringement and filed counterclaims against the patentee (Benitic) for a declaration of invalidity and non-infringement. Declaratory judgment jurisdiction existed at the time Nucleonics filed its counterclaims because Benitec had charged it with infringement. *Id.* at 1345. However, after Benitec dismissed its claims without prejudice ***but also*** gave a covenant not to sue based on Nucleonics then-ongoing activities, Nucleonics

could no longer show the existence of a case or controversy for its declaratory judgment claims based on its then-ongoing activities. *Id.* at 1345-48. Even though Nucleonics argued that a justiciable controversy still existed because of certain proposed future activities that might be accused of infringement, there was no evidence that Nucleonics had yet committed an act of infringement based on its proposed future activities. *Id.* at 1348-49. Accordingly, the Federal Circuit held that Nucleonics did not satisfy *MedImmune's* immediacy and reality requirement. *Id*. Similar reasoning applies here.

Plaintiffs' dismissal of its claims under the '894 patent **with prejudice** conclusively terminates the case or controversy between the parties under that patent regarding Defendants' "ongoing" activities. That conclusive termination is as complete and final as the voluntary dismissal in *Benitec*, which, while without prejudice, was coupled with a covenant not to sue based on the defendant's then-ongoing activities. The net result here is the same because of Plaintiffs' voluntary dismissal **with prejudice**. And, as in *Benitic*, there is no "planned activity" that would infringe. As in *Benitic*, there no longer is a case or controversy under the '894 patent.

Therefore, Defendants' corresponding counterclaims regarding the '894 patent should be dismissed, without prejudice, for lack of a case of controversy.

## III. THERE IS NO BASIS FOR AN AWARD OF FEES AND COSTS

The final issue is whether any costs or fees should be awarded as a condition of this dismissal. Plaintiffs respectfully submit that no award of fees or costs is warranted at this time.

*Attorneys' Fees:* As a general rule, attorneys' fees will not be imposed as a condition on a voluntary dismissal **with prejudice**. *See* 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2366 at 537-40 (2008). The only exception to this rule is where the prevailing party would be entitled to a statutory award of fees in an "exceptional" case. *Id*. Here, under the patent fee-shifting statute, there is no basis for applying that exception.

7

To establish entitlement to an award of attorneys' fees under the patent statutes, Defendants would have to establish that this is an "exceptional case." *See* 35 U.S.C. § 285. "The requirement in Section 285 of establishing an 'exceptional case' remains a formidable and adequate barrier to unwarranted awards." *Mathis v. Spears,* 857 F.2d 749, 754 (Fed. Cir. 1988). An "exceptional case" would involve such things as inequitable conduct, litigation misconduct, vexatious and otherwise bad faith litigation, a frivolous suit, or willful infringement. *Forest Labs, Inc. v. Abbott Labs.,* 339 F.3d 1324, 1329 (Fed. Cir. 2003). None of those circumstances is apparent on the present record. Moreover, and in any event, this issue should not, and need not, be decided at this time. The consideration of whether this is an "exceptional *case*" should await the end of the *entire case*, and not be considered piecemeal, one claim at a time.

*Costs:* It is recognized that "in the ordinary course, a prevailing party is entitled to an award of costs," pursuant Rule 54(d)(1). *Teague v. Bakker,* 35 F.3d 978, 996 (4th Cir. 1994). Having obtained a voluntary dismissal with prejudice, Capital One may argue that it is entitled to an award of its taxable costs. *See Davis*, 819 F.2d at 1276 (taxable costs may be awarded upon voluntary dismissal).[2] However, any taxable costs may be allocated and assessed at the conclusion of the entire case, when the remaining claims and counterclaims are adjudicated. Therefore, an award of taxable costs is not warranted at this time.

---

[2] The award of taxable costs is governed by regional circuit law. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). Thus, Fourth Circuit law is cited.

## CONCLUSION

Accordingly, the Court should grant Plaintiffs' motion for voluntary dismissal of claims under the '894 patent and dismiss the corresponding counterclaims, but not award fees, expenses, or costs.

Dated: January 1, 2014                                  Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL:    (703) 549-5354
FAX:    (703) 549-2604
E-MAIL: craig.reilly@ccreillylaw.com
*Counsel for Plaintiffs*

Ian Feinberg
Elizabeth Day
Marc Belloli
Clayton Thompson
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
(650) 618-4364 (T)
(650) 618-4368 (F)
cthompson@feinday.com
ifeinberg@feinday.com
eday@feinday.com
mbelloli@feinday.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 1, 2014, I filed the foregoing pleading or paper through the Court's CM/ECF system which sent a notice of electronic filing to the following attorneys for defendants:

| | |
|---|---|
| Robert A. Angle<br>  robert.angle@troutmansanders.com<br>Dabney J. Carr, IV<br>  dabney.carr@troutmansanders.com<br>Nicholas R. Klaiber<br>  nicholas.klaiber@troutmansanders.com<br>TROUTMAN SANDERS LLP<br>1001 Haxall Point<br>Richmond, Virginia  23219 | Mary Catherine Zinsner<br>  mary.zinsner@troutmansanders.com<br>S. Mohsin Reza<br>  mohsin.reza@troutmansanders.com<br>TROUTMAN SANDERS LLP<br>1660 International Drive, Suite 600<br>McLean, VA  22102-3805 |
| Andrew J. Fossom (*pro hac vice*)<br>andrew.fossom@lw.com<br>LATHAM & WATKINS LLP<br>811 Main Street, Suite 3700<br>Houston, TX 77002 | Jeffrey G. Homrig (*pro hac vice*)<br>jeff.homrig@lw.com<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025-1008 |
| Joseph H. Lee (*pro hac vice*)<br>joseph.lee@lw.com<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925 | Neil A. Rubin (*pro hac vice*)<br>neil.rubin@lw.com<br>LATHAM & WATKINS LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1560 |
| | Matthew J. Moore (*pro hac vice*)<br>matthew.moore@lw.com<br>Abbott B. Lipsky, Jr. (*pro hac vice*)<br>tad.lipsky@lw.com<br>Jonathan D. Link<br>Jonathan.link@lw.com<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304 |

*/s/ Craig C. Reilly*
Craig C. Reilly, Esq. VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com
*Counsel for plaintiffs*